**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-81234-CIV-HURLEY**

**BLUESKY GREENLAND**
**ENVIRONMENTAL SOLUTIONS, LLC,**

**plaintiff,**

**vs.**

**RENTAR ENVIRONMENTAL SOLUTIONS, INC., et al.,**

**defendants.**
_______________________________________/

# ORDER GRANTING DEFENDANT RENTAR ENVIRONMENTAL SOLUTIONS INC.'S MOTION TO DISMISS COMPLAINT BASED ON IMPROPER VENUE

Plaintiff Bluesky Greenland Environmental Solutions, LLC ("Bluesky"), a Texas limited liability company, sues Rentar Environmental Solutions, Inc. ("Rentar") and others asserting the following causes of action: (1) promissory estoppel; (2) unjust enrichment; (3) fraud; (4) conspiracy to commit fraud, and (5) tortious interference with an advantageous business relationship.

By its current motion, Rentar seeks dismissal of the amended complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3), arguing that Bluesky and Rentar are parties to a contract containing an enforceable forum-selection clause designating the Florida state courts located in Dade or Palm Beach County as the exclusive venue for all of their disputes. Alternatively, Rentar argues that one or more of plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim entitling it to relief, and that the fraud-based claims should be dismissed for failure to plead with particularity as required by Rule 9(b).

Having carefully reviewed Rentar's motion [ECF No. 44] together with plaintiff's response in opposition [ECF No. 51], the court has determined to dismiss the claims against Rentar for

improper venue under Rule 12(b)(3), finding all claims covered by an enforceable forum-selection clause designating the state courts of Florida as the exclusive forum for all of the parties' disputes. In light of this ruling, it is unnecessary to address Rentar's alternative arguments for dismissal.

## I. Facts and Procedural History[1]

Bluesky is a Texas limited liability company formed for the purpose of marketing and exporting environmental friendly U.S. products and services. In October, 2007, Bluesky entered into a three-year "Master Distributor Agreement" ("the Agreement") with Rentar, a manufacturer of a fuel catalyst designed to promote fuel efficiency and reduce emissions, under which Bluesky agreed to market the Rentar fuel catalyst to industrial customers in the non-exclusive territory of United Arab Emirates, Omar, Pakistan, Bangladesh and Saudi Arabia[2] in exchange for a commission on sales in this territory. According to Bluesky, however, the distributorship became exclusive as a result of a subsequent course of dealing and communications between the parties, thereby superseding the terms of the written contract. In addition, although the "territory" described

---

[1] The plaintiff's first amended complaint is the operative pleading [ECF No. 25]. Because this matter is before the court at the motion to dismiss stage, the recitation of facts is drawn from the plaintiff's first amended complaint. Further, because a motion to dismiss based on a forum-selection clause is properly viewed as a dismissal for improper venue under Fed. R. Civ. P. 12(b)(3), *Lipcon v Underwriters at Lloyds, London*, 148 F.3d 1285, 1290 (11th Cir. 1998), the court may look beyond the allegations of the complaint in determining the motion, and may consider, for example, the terms of the underlying distributor agreement between Bluesky and Rentar. *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012)("In sum, Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of the complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision.").

Rentar has submitted a copy of the "Master Distributor Agreement" dated October 15, 2007 [ECF No. 44-1] in support of its motion to dismiss based on a contractual forum-selection clause. In its opposition to the motion [ECF NO. 51], Bluesky does not dispute the validity or authenticity of this document, but rather argues that the claims asserted by it in this lawsuit are extra-contractual and therefore lie beyond its scope. This argument is addressed under the discussion section of this memorandum opinion, *infra.*

[2] The "territory" description in the Agreement further provides, "It is not the intention of Rentar to assign these territories to another distributor, but the territories remain non-exclusive."

at Exhibit "C" to the Agreement does not mention the country of India, Bluesky alleges that Rentar treated and acknowledged Bluesky as its sole distributor for Rentar products in India prior to October 2010, effectively conferring valuable distributorship rights to Bluesky over this region as well. Bluesky contends, for example, that Rentar forwarded all product inquiries from the Indian market to it prior to October 2010, while the Agreement was in force.

Also prior to October 2010, Bluesky allegedly spent over $250,000.00 developing consumer good will, credibility and brand recognition for the Rentar product in India through extensive marketing and field research activities. It also created lists of potential Indian customers which it submitted to Rentar, including a list containing the name of defendant HBL Power Systems Ltd ("HBL"), an Indian industrial conglomerate which was later awarded an exclusive Rentar distributorship contract covering India.

In the summer of 2010, Rentar introduced Bluesky's managing member, Abid Ansari, to defendant Mike Hoban, the business agent of defendant Gregory E. Georgas, and encouraged Ansari to share marketing data and to generally cooperate with Hoban and Georgas in the development of a market for the Rentar product in India. Bluesky complied. At or about this same time, on July 9, 2010, Bluesky entered into a written profit-sharing agreement with "21st Century LP," a Florida partnership formed by Georgas, under which Bluesky and 21st Century LP agreed to a fifty-fifty share of commissions on sales of Rentar product to "APSRTC," the government state bus line of India. In addition, Hoban introduced Bluesky's managing member to defendants Venkat Tangirala and Ravi Tangirala ("the Tangirala brothers"), leading to an extended email exchange between Bluesky (Ansari) and defendants Hoban, Georgas and the Tangirala brothers during which Bluesky was allegedly induced to share increasingly larger amounts of proprietary

marketing data by Rentar's promises of Bluesky's continued stake in the Indian market and misrepresentations regarding the strength of Georgas' alleged political connections in India.

In October, 2010, Rentar notified Bluesky of its intent not to renew the Agreement. According to Bluesky, this action followed Rentar's entry into an exclusive distributor agreement covering the territory of India with defendants HBL, Georgas and related entities and agents, Hoban, and the Tangirala brothers. HBL has allegedly since published a marketing plan for the Rentar Indian market identical to that previously developed by Bluesky, borrowing terms, text and pictures taken directly from Bluesky advertising materials.

In October, 2010, Georgas formed a new limited liability company, "Century Planet Fund LLC" in the State of Delaware. On November 12, 2010, Georgas moved to dissolve the Florida partnership, 21st Century LP, which had previously contracted with Bluesky to share profits generated by sales to a specific government customer in the Indian market. Bluesky alleges that Georgas timed the creation and dissolution of these two entities with the specific purpose of attempting to avoid contractual liability to Bluesky.

The Agreement between Bluesky and Rentar contains, in pertinent part, a forum-selection and a choice-of-law clause requiring that all disputes between the parties be litigated in Florida state courts under application of Florida law.[3] Specifically, the forum-selection clause provides:

> If any lawsuit between the parties should arise, the dispute shall be resolved exclusively in Florida state courts in Dade County or Palm Beach County with each party responsible for its own legal fees and costs. Florida law shall govern without

---

3

In a prior lawsuit arising out of same controversy lodged by Bluesky against Rentar in Texas, a federal district court upheld the validity of the same forum-selection clause, found all Bluesky's claims to fall within its scope, and dismissed the action without prejudice based on improper venue. *Bluesky Greenland Environmental Solutions, LLC v. Rentar Environmental Solutions, Inc.*, 2011 WL 6372842 (S.D. Tex. 2011)(unpub).

> regard to conflicts of law provisions. Each party waives any objection to venue, jurisdiction, and inconvenient forum.

In its current motion to dismiss, Rentar invokes this provision as a basis for dismissal of all claims on ground of improper venue under Rule 12(b)(3).

**II. Discussion**

Although the Agreement contains a Florida choice of law provision, consideration of whether to enforce a forum-selection clause in a diversity jurisdiction case is governed by federal law. *Stewart Organization, Inc. v. Ricoh Corp.*, 810 F. 2d 1066, 1068 (11th Cir.)(per curiam) (en banc), *aff'd on other grounds*, 487 U.S. 22, 108 S. Ct. 2239, 2245, 101 L.Ed. 2d 22 (1988). *Accord: Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988); *Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988); *Bryant Elec Co. v. City of Fredericksburg,* 762 F.2d 1192, 1196-97 (4th Cir. 1985).

In ruling on a motion to dismiss for improper venue, the court takes the facts of the complaint as true, but "only to the extent they are uncontroverted by defendant's affidavits," *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012), and, if the parties submit conflicting affidavits, the court appropriately gives greater weight to the plaintiff's version of the jurisdictional facts and construes them in the light most favorable to the plaintiff. *Id., citing Home Ins. Co. v. Thomas Industries, Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990).

Under federal law, "'[f]orum selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner International Hotels, Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)(quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95, 111 S. Ct. 1522, 1527-28, 113 L.Ed.2d 622 (1991); *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612,

615 (5th Cir. 2007)(unpub)(quoting *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed.2d 513 (1972). A forum-selection clause may be deemed unreasonable when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be derived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the forum- selection clause would contravene public policy. *Krenkel,* 579 F.3d at 1281; *Haynsworth v. The Corporation a/k/a Lloyd's of London*, 121 F.3d 956, 963 (5th Cir. 1997)(citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595, 111 S. Ct. 1522, 113 L.Ed.2d 622 (1991)); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320 (9th Cir. 1996).

In this case, Bluesky does not argue that the clause is unreasonable under any of these theories. Rather, it argues that the current dispute is not covered by the Agreement's forum-selection clause because the asserted causes of action arise out of conduct performed outside the contract, to wit, a course of tortious and fraudulent conduct designed to induce Bluesky to divulge valuable Indian marketing data to defendants and to usurp Bluesky's alleged role as the exclusive Rentar distributor in India.

Whether a forum selection clause applies to tort claims (e.g., in this case, the plaintiff's claims for fraud, conspiracy, and interference with an advantageous business relationship) depends on the wording of the clause, *Davis v Avvo, Inc.*, 2011 WL 4063282 (M.D. Fla. 2011)(broadly worded clause applying to "any action at law or in equity arising out of or relating to the Site or these Site Terms" covered fraud claims), and in some cases, consideration of whether the court must resort to the terms of the contract to resolve the tort claims. *See e.g. Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988)(claim for tortious interference with a prospective economic advantage and unfair trade practices held subject to forum-selection clause covering "any controversy regarding interpretation or fulfillment of the [] contract" on theory that tort claims could

not be adjudicated without interpreting the contract and analyzing whether the parties were in compliance with it).

Here, the essence of plaintiff's claims for fraud, conspiracy and interference with an advantageous business relationship is that the defendants wrongfully conspired to induce Bluesky to divulge valuable proprietary marketing research which it developed on the Rentar Indian market, purloined the materials to insinuate themselves with Rentar and further their own economic gain, ultimately causing Bluesky to lose its distributorship contract with Rentar. Bluesky contends that all of these actions occurred outside the scope of defendant's performance of contractual duties under the Agreement, and hence fall outside the scope of the Agreement's forum-selection clause.

The court disagrees. In this case, the forum-selection clause employs broad language, reaching "any lawsuit between the parties [which] should arise." The clause does not limit its application only to those actions arising out of the contract or "related in any way" to the contract. *Compare Bailey v. ERG Enterprises, LP*, 705 F.3d 1311 (11th Cir. Jan. 25, 2013)(where forum-selection clause covered actions "concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to [the lot purchase contract]," fraud claim did not qualify as claim which "relates to" the contract where it did not occur as a "fairly direct result of the performance of contractual duties").

Bluesky cannot dispute that its claims fall within the contours of "any lawsuit" which "should arise" between the parties, an expansive category of claim requiring no causal connection between the lawsuit and the contractual relationship of the parties. Further, the tortious interference claim hinges on the existence of an exclusive distribution agreement covering the Indian market between Bluesky and Rentar: Unless Bluesky held an enforceable contractual right to an exclusive distributorship covering the territory of *India* in the first instance, then the factual predicate of the

tortious interference claim describes nothing more than simple business competition. Similarly, to the extent based on the alleged acquisition or diversion of valuable contractual rights owned by Bluesky, the fraud-based claims also hinge on the existence of an underlying exclusive distributorship agreement Rentar and Bluesky. That is, Bluesky must show that it was party to an exclusive distributorship agreement covering the territory of India in order to show that defendants fraudulently conspired to usurp this valuable right away from it.

To determine these claims, and specifically, to determine whether an exclusive distribution agreement existed between Bluesky and Rentar, the court will necessarily need to examine and interpret the Agreement in conjunction with the parties' subsequent course of conduct and communications for evidence of what the parties intended their rights and duties to be, and ultimately to determine whether any valid modification and enforceable agreement to enter an exclusive distributorship agreement covering the country of India was ever achieved between Bluesky and Rentar.

In light of this overlap of proofs, and in light of the broadly worded language of the forum-selection clause at issue, the court finds all of Bluesky's tort claims are covered by the forum-selection clause. *See e.g. Terra International, Inc. v. Mississippi Chemical Corporation,* 119 F.3d 688 (8th Cir. 1997)(applying forum-selection clause covering "[a]ny dispute or disputes arising between the parties hereunder" to tort claims which involved same operative facts as would a parallel claim for breach of contract); *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 Fed Appx. 612 (5th Cir. 2007)(unpub)(applying forum selection clause covering any disputes arising from the contract to fraud claims); *Deadco Petroleum v. Trafigura AG,* 2012 WL 6720566 (E.D. Cal. 2012).

The plaintiff's remaining equitable claims similarly fall within the broad scope of "any

lawsuit between the parties" which "should arise" between the parties and are hence captured by the forum-selection clause. In addition, the determination of these claims will also require resort to the terms of the contract for a ruling on the validity and scope of the Agreement. Although unjust enrichment and promissory estoppel claims may be pled in the alternative to an express contract claim, *Harris v. School Board of Duval County,* 921 So.2d 725 (Fla. 1st DCA 2006), once it is shown that an express contract exists, any equitable claims regarding the same subject matter necessarily fail. *Browning v. Poirier,* ___ So.3d ___, 2013 WL 842853 (Fla. 5th DCA 2013), *citing Real Estate Value Co Inc v. Carnival Corp*, 92 So.3d 255 ( Fla. 3d DCA 2012); *Muzuco v Re$ubmitIt, LLC,* 2012 WL 3242013 (S. D. Fla. 2012). This follows because the law will not imply a contract where an express contract exists regarding the same subject matter. *See e.g. Kovtan v. Frederiksen*, 449 So.2d 1 (Fla. 2d DCA 1984). The court therefore will need to determine whether a valid express contract exists between Bluesky and Rentar in order to determine whether relief is available to Bluesky under either of the alternative equitable claims asserted.

Because the equitable claims clearly meet the definition of "any lawsuit" arising between the parties in the first instance, and because the court must necessarily resort to the terms of the Agreement to resolve them, *see Manetti-Farrow, supra*, the court concludes that both equitable claims fall within the scope of the MDA's forum-selection clause. *See e.g. Thorrez Industries, Inc. v. LuK Transmissions Systems, LLC*, 2010 WL 1434326 (N.D. Ohio 2010)(forum selection clause covering "any actions or proceedings to enforce this contract" encompassed unjust enrichment claims); *Third Ave. Trust v Suntrust Bank*, 163 F. Supp. 2d 215, 217-22 (S.D.N.Y. 2001)(unjust enrichment claim governed by forum-selection clause that applied to "any action to enforce, interpret or construe any provision of this agreement").

Finally, having determined that the forum-selection clause in the plaintiff's contract with

Rentar is valid and enforceable, and that all claims asserted against Rentar in this action fall within its scope, the court must next consider whether the the forum selection clause is mandatory or permissive. The clause provides, in the event of "any lawsuit between the parties," that the dispute "shall be resolved exclusively in a Florida State court in Dade County ro Palm beach County, Florida...." The designation of "exclusive" jurisdiction in Florida State courts is plainly mandatory in nature, a clear expression of the parties' intent to declare "Florida State court[s]," and specifically, those located in Dade County or Palm Beach County, as the exclusive forum for the adjudication of "any disputes" arising between the parties. *See e.g. Liles v Ginn-La West End, Ltd.*, 631 F.3d 1242 (11th Cir. 2011)(unpub).

### III. Conclusion

The forum selection clause in the Agreement contains clearly mandatory language designating the state courts of Florida as the exclusive forum for any disputes arising between the parties to the contract. As it is also clear that plaintiffs' claims against Rentar constitute "any lawsuit" arising between the parties, and all additionally require an interpretation and ruling on the validity of the Agreement, all claims are subject to the forum-selection clause and must be litigated in the designated Florida State courts. *See e.g. Berry v. Soul Circus, Inc.*, 189 F. Supp. 2d 290 (D. Md. 2002)(forum-selection clause governing "any action hereunder" applied to tort claims for invasion of privacy, appropriation of name and likeness, violation of consumer protection statute, unjust enrichment and false light, as claims could not be adjudicated without analyzing whether the parties were in compliance with the contract); *Stephens v. Entre Computer Centers, Inc.*, 696 F. Supp. 636, 638 (N.D. Ga. 1998)(forum-selection clause in franchise agreement referring to "any action" and not explicitly limiting actions to ones arising "under or in connection with the contract," held broad enough to encompass fraud claims), citing *Stewart Organization Inc. v. Ricoh Corp.*, 810

F. 2d 1066 (11th Cir. 1987)(*en banc*), *aff'd and remanded on other grounds*, 487 U.S. 22 (1988). The court accordingly finds Rentar's[4] motion to dismiss based on the mandatory forum-selection clause of the Agreement to be well-taken, and shall dismiss all claims against the Rentar on the basis of improper venue under Rule 12(b)(3). [5]

It is accordingly **ORDERED AND ADJUDGED**:

1. Defendant Rentar's motion to dismiss plaintiff's amended complaint [ECF No. 44] on ground of improper venue is **GRANTED.**

2. Plaintiff's claims against defendant Rentar are **DISMISSED WITHOUT PREJUDICE** for improper venue pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure.

3. This order is without prejudice for either party to seek entry of final judgment of dismissal on the complaint against Rentar pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 18 day of April., 2013.

Daniel T. K. Hurley
United States District Judge

cc. All counsel

---

4

Under certain conditions, a non-signatory third-party beneficiary may be bound by a forum selection clause. *See. e.g Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998) (holding non-signatories who had provided letters of credit to signatories bound to forum selection clause on theory that they had interests in the litigation which were "directly related to, if not predicated upon" those of the signatories"); *Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696, 701-702 (2d Cir. 2009) and cases cited *infra*. However, the court declines to address the applicability of the Agreement's forum-selection clause beyond the claims asserted against Rentar at this juncture in the litigation where no other party has invoked it.

5

Where a district court finds a forum-selection clause valid and enforceable, it may dismiss the case, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). However, the court must dismiss a case if a valid forum- selection clause provides for exclusive jurisdiction in a state court. *In re Atlantic Marine Construction Co.*, 701 F.3d 736, 740 (5th Cir. 2012)("When the forum selection clause designates an arbitral, foreign or state court forum, the federal district court is without power to transfer and thus must dismiss the case as long as it determines the forum selection clause is enforceable"). See also *Sixty -Two First Street LLC v. CapitalSource Finance LLC*, 2011 WL 2182915 *3 (N.D. Cal. June 6, 2011).