UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81234-CIV-HURLEY

BLUESKYGREENLAND ENVIRONMENTAL
 SOLUTIONS, LLC,
        plaintiff,

vs.

21ST CENTURY PLANET FUND, LLC et al.,
        defendants.
_____/

ORDER GRANTING DEFENDANT HBL POWER SYSTEM LTD'S ("HBL")
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [ECF No. 188]
& DISMISSING CLAIMS AGAINST DEFENDANT HBL WITHOUT PREJUDICE

Plaintiff Blueskygreenland Environmental Solutions, LLC ("Bluesky"), is a Texas limited liability company that exports environmentally-friendly United States products and services. Rentar Environmental Solutions, Inc. ("Rentar"), a Delaware corporation with a principal place of business in West Palm Beach, Florida, manufactures an in-line pre-combustion fuel catalyst which treats fuel to enhance combustion, thereby increasing fuel efficiency and reducing emissions. In 2007, Bluesky and Rentar entered into a nonexclusive distributorship contract granting Bluesky a right to distribute Rentar's product in various countries, a group which was ultimately expanded by agreement of the parties to include the nation of India. The contract was scheduled for automatic renewal in October, 2010, but Rentar unilaterally terminated the contract with Bluesky at that time and contemporaneously entered into a new, exclusive distributorship contract covering the nation of India with certain of the defendants named in this case.

Bluesky subsequently brought this action against defendants 21st Century Planet Fund, LLC ("21st Century"), a Delaware corporation doing business in Florida; Gregory Georgas ("Georgas")

and Michael Hoban ("Hoban"), both residents of Palm Beach County, Florida; Venkat Tangirala ("Venkat") and Ravi Tangirala ("Ravi"), both residents of India, and HBL Power Systems Ltd. ("HBL"), a company chartered and headquartered in India, asserting claims for common law fraud and misrepresentation, tortious interference with an advantageous contractual and business relationship, and conspiracy to fraudulently usurp valuable proprietary information owned by Bluesky. Essentially, Bluesky contends that 21st Century, Georgas, Hoban, Venkat, Ravi and HBL conspired to fraudulently induce Bluesky to part with valuable proprietary marketing information on the Indian market which it had developed during the extended course of its Rentar distributorship, and then used that information to their own advantage in successfully jockeying to secure an exclusive Rentar distributorship over India for themselves.

The factual background to these claims has been detailed in the prior order of this court denying defendants 21st Century Planet Fund, LLC and Gregory Georgas' converted motion for summary judgment, and will not be repeated here [ECF 178]. The case is now before the court on the defendant HBL's motion to dismiss the complaint for lack of personal jurisdiction, or alternatively, to dismiss the complaint for defective service of process [ECF 188], the plaintiff's response in opposition to the motion [ECF 195] and the defendant's reply [ECF 201].

Having carefully considered the parties' submissions on the motion, the court has determined to grant the motion to dismiss for lack of personal jurisdiction without prejudice, making it unnecessary to reach the defendant HBL's alternative challenge to the sufficiency of process.

## I. STANDARD OF REVIEW

When a defendant moves to dismiss for lack of personal jurisdiction, an evidentiary hearing is not required. *Melgarejo v. Pycsa Panama, S.A*., 537 Fed. Appx. 852 (11th Cir. 2013), citing

*Mutual Service Ins. Co. v. Frit Industries, Inc.*, 358 F.3d 1312, 1319 n. 6 (11th Cir. 2004). When the court does not hold a hearing, the plaintiff must establish a *prima facie* case of personal jurisdiction by presenting "sufficient evidence by way of affidavits or deposition testimony to survive a motion for a directed verdict." *Id*. If the plaintiff makes a *prima facie* case for personal jurisdiction, the defendant then must raise, through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction; if the defendant does so, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293 (11th Cir. 2009). The court must construe the allegations in the complaint as true if they are not contradicted by the defendant's evidence; when there is conflicting evidence, the court must construe all reasonable inferences in favor of the plaintiff. *Frit*, 358 F.3d at 1319.

In determining whether the exercise of personal jurisdiction of a non-resident defendant is proper, a two-step inquiry applies. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005). First, the court examines whether exercise of jurisdiction over the non-resident defendant would satisfy the requirements of the state long-arm statute. *Meier ex rel Meir v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002). Second, the court examines whether exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id*. The due process inquiry traditionally requires the court to determine whether the defendant has sufficient "minimum contacts" with the forum state so as to satisfy "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rodzewicz*, 471 U.S. 462, 472-73, 105 S. Ct. 2174, 85 L. Ed.2d 528 (1985); *Madara v. Hall*, 916 F.2d 1510, 1516 n. 7 (11th Cir. 1990); *Consolidated Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1292 (11th Cir. 2000); *Cable /Home Communication v. Network Products,* 902 F.2d 829

3

(11th Cir. 1990).

Recognizing that Bluesky, as plaintiff, has the burden of establishing a *prima facie* case of personal jurisdiction under these requirements, *Meier ex rel Meier v. Sun Int'l Hotels, Ltd*, 288 F.3d 1264 (11th Cir. 2002), the court now turns its analysis to an application of these standards to the evidence in this case.

## II. DISCUSSION

### A. Florida Long-Arm Statute Requirements

Florida's long-arm statute provides for both general and specific personal jurisdiction. § 48.193(1) - (2), Florida Statutes. General jurisdiction refers to the power of a court to adjudicate any cause of action involving a particular defendant if that defendant engaged in "substantial and not isolated" activity within Florida, regardless of whether the claim asserted arose from that activity. *Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264 (11th Cir. 2002). In other words, general jurisdiction is based on a defendant's contacts with the forum state that are not necessarily related to the cause of action litigated. *Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1293 (11th Cir. 2000). It requires a showing of "continuous and systematic" general business contacts within the state, *Trustees of Columbia University v. Ocean World, S.A.,* 12 So.3d 788, 792 (Fla. 4th DCA 2009), which may be found where a nonresident's activities are "extensive and pervasive, in that a significant portion of the defendant's business operations or revenue derived from established commercial relationships in the state," or where a defendant "continuously solicits and procures substantial sales in Florida." *Id.*

In contrast, specific jurisdiction exists where the plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum state. *Oldfield v. Pueblo de Bahia Lora,*

4

*S.A.,* 558 F.3d 1210, 1221 n. 27 (11th Cir. 2009); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n. 3 (11th Cir. 2006); *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000). The requirement that the plaintiff's cause of action must "arise from" the defendant's activities is broader than the concept of "proximate cause," and is satisfied by a showing of some "direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state." *Sun Trust Bank v. Sun Int'l Hotels, Ltd*, 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001).

Bluesky here invokes specific jurisdiction under the "tortious act within Florida" provision of Florida's long-arm statute, § 48.193(1) (a) (2), Florida Statues. This provision provides that a nonresident defendant is subject to personal jurisdiction in Florida "for any cause of action arising from ... [c]ommitting a tortious act within [Florida]." Under Florida law, a non-resident commits a tortious act "within Florida" when he commits an act outside the state that causes injury within the state. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013), *citing Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008). For purposes of this statute, the defendant does not have to be physically present in Florida for the tortious act to occur "within" the state. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293 (11th Cir. 2009), citing *Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002). Additionally, "committing a tortious act" within the meaning of this provision may be accomplished via "telephonic, electronic, or written communications into Florida," so long as the cause of action arose from those communications, and, under certain circumstances, such communications can also satisfy due process requirements. *See also Swanky Apps, LLC v. Roony Invest & Finance, S.A.,* 126 So.3d 336 (Fla. 3d DCA 2013); *OSI Industries, Inc. v. Carter*, 834 So.2d 362 (Fla. 5th DCA 2003).

5

In support of this jurisdictional theory, Bluesky has demonstrated an exchange of electronic email communications between Venkat Tangirala, Gregory Georgas and Michael Hoban involving the solicitation of an exclusive Indian distributorship contract from Rentar which took place during the early part of 2010 and continued through October 2010; in addition, plaintiff has adduced evidence of an email exchange in October 2010 between AJ Prasad, the principal of HBL (India); Venkat Tangirala (India); Richard Ford, the CEO of Rentar, (West Palm Beach, Florida); Gregory Georgas and Michael Hoban (West Palm Beach, Florida) concerning the negotiation and execution of an exclusive Rentar distributorship agreement between Rentar, HBL, and 21st Century [ECF 195-2]. Further, Bluesky also adduces evidence of email correspondence between Venkat, Georgas and Hoban relating to Venkat's anticipated trip to West Palm Beach on November 13$^{-14,}$ 2010 to discuss HBL performance issues under the new distributorship contract, including the forwarding of emails between HBL representatives in India and Venkat relating to HBL's concerns over Rentar's capacity to meet production demands under the new contract [ECF 195-3].

Because the tortious conduct alleged against HBL - tortious interference with the Bluesky/Rentar contract – arises in part from electronic communications sent into the state both directly by HBL (submission of the executed Rentar distributorship agreement) and indirectly by HBL's alleged co-conspirators (communications involving solicitation of Rentar), the court concludes that sufficient jurisdictional facts exist to support a cause of action against HBL for the alleged commission of a tortious act within this state, to wit, interference with contractual relations, within the meaning of §48.193 (1) (a) (2) of the Florida long-arm statute. *See Wilcox v. Stout,* 637 So.2d 335 (Fla. 2d DCA 1994) (if plaintiff successfully alleges conspiracy claim against defendants, and that any member of conspiracy committed tortious acts in Florida in furtherance of that

conspiracy, all conspirators are subject to jurisdiction of Florida through "tortious act within Florida" prong of long-arm statute); *Chase Manhattan Bank v. Cebeck,* 505 So.2d 539 (Fla. 1st DCA 1987) (jurisdiction under "tortious act" provision of long-arm established against nonresident bank charged with tortiously interfering with business relationship in state by causing vendor to breach plaintiff's offer to purchase property).

## B.   Due Process Considerations

Accordingly, the court must reach the next step of determining whether the exercise of jurisdiction under this prong of the Florida long-arm statute comports with the Due Process requirements of the Fourteenth Amendment to the United States Constitution.

In specific personal jurisdiction cases, the court applies a three-part due process test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" itself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum's state's laws, and (3) whether the exercise of personal jurisdiction comports with "traditional notion of fair play and substantial justice." *Lousi Vuitton Malletier, SA v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013) and cases cited *infra.* The plaintiff bears the burden of establishing the first two prongs, and if it does so, the defendant must make a " compelling case" that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3D 1249, 1267 (11th Cir. 2010).

Here, Bluesky's tortious interference claims and conspiracy claims arise out of HBL's alleged solicitation and consummation of an exclusive distributorship contract with Rentar, a Florida-based company with which Bluesky previously contracted. There is direct causal relationship between

7

HBL, Florida and the tortious interference claims to satisfy the first requirement of "relatedness" under this test.

The court next addresses whether HBL purposely availed itself of conducting activity within the forum state. In intentional tort cases, there are two tests for determining whether this element occurred. *Louis Vuitton Malletier, SA, supra* at 1356-57. First, the court may apply the "effects test," articulated in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L.Ed.2d 804 (1984) (upholding jurisdiction of California court over Florida defendants based on allegedly libelous effect of Florida conduct which was calculated to cause injury to plaintiff in California). Under this test, a nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state, but only where the tort: (1) [was] intentional; (2) [was] aimed at the forum state, and (3) caused harm that the defendant should have anticipated would be suffered in the forum state. *Id* at 1356, citing *Lovelady* at 1285-86.

The "effects test" provides an additional means, unavailable in contract cases, of determining the appropriateness of personal jurisdiction – one that is based on a plaintiff's ties to the forum state and the harm suffered by the plaintiff. The test does not, however, supplant the traditional minimum contacts test for purposeful availment applicable in contract and tort cases alike. *Id* at 1357. As applied to tortious interference claims, the *Calder* "effects test" requires a determination of whether the alleged tortfeasor expressly aimed his out-of-state conduct at the forum state, requiring a focus on the nexus between the forum and the injured contractual relationship. *Brennan v. Roman Catholic Diocese of Syracuse New York*, 322 Fed. Appx. 852 (11th Cir. 2009) (unpub).

The court may also apply a traditional purposeful availment analysis under the traditional "minimum contacts" test. *Louis Vuitton* at 1356-57, citing *S.E.C. v. Carrillo*, 115 F.3d 1540, 1542

8

(11th Cir. 1997) (applying traditional minimum contacts test in case involving intentional tort claims of securities fraud).  Under the traditional minimum contacts test, the court assesses the nonresident's contacts with the forum state and asks whether those contacts: (1) are related to plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed itself of the privileges of doing business within the forum, and (3) are such that the defendant should reasonably anticipate being haled into court in the forum.  *Id*, citing *Carrillo* 115 F. 3d 1540,1542 (11th Cir. 1997).

In this case, Bluesky contends that sufficient minimum contacts exist between HBL and Florida to satisfy constitutional due process concerns either directly based on the conduct of Venkat, the alleged agent of HBL, or indirectly based on the conduct of HBL's alleged conspirators – Hoban, Georgas, and 21st Century, in the state of Florida. The court disagrees.

First, HBL disputes that Venkat served as agent for HBL at any material time during the chronology of events alleged in the complaint, and Bluesky does not adduce any affirmative evidence tending to suggest the existence of an agency relationship between Venkat and HBL during the course of the alleged conspiracy to usurp Bluesky's distributorship agreement with Rentar,  or the time at which HBL and 21st Century executed their exclusive distributorship agreement with Rentar at issue in this case.

Bluesky's efforts to impute acts of coconspirators to HBL for purposes of establishing a basis for exercise of personal jurisdiction over HBL in this forum are similarly unavailing. While "[t]he existence of a conspiracy and acts of a co-conspirator within  the forum may, in some cases, subject another coconspirator to the forum's jurisdiction*," Melea, Ltd. v. Jawer SA,* 511 F.3d 1060, 1069 (10th Cir. 2007),  for personal jurisdiction based on a conspiracy claim to exist, the plaintiff must

9

offer facts that would support a *prima facie* showing of a conspiracy. *Id. See also Shrader v Biddinger*, 633 F.3d 1235 (10th Cir. 2011). In addition, plaintiff must show that the non-resident defendant's activity meets the "effects test" or traditional "minimum contacts" test in order to satisfy constitutional due process concerns.

Assuming, arguendo, that Bluesky could make a *prima facie* showing of a conspiracy, this tenet might warrant holding HBL, Georgas, Hoban, Venkat and 21st Century Planet Fund LLC liable for each other's acts under Florida law, but it would not necessarily permit exercise of jurisdiction over HBL based on the conduct of the alleged coconspirators in Florida. This follows because while minimum contacts can be based on a coconspirator's presence in the forum state, this obtains only if the conspiracy is directed towards the forum, *or* substantial steps in furtherance of the conspiracy are taken in the forum. *Melea Ltd., supra* at 1070.

These elements are lacking here because (1) there is no allegation or evidence of a "meeting of the minds" between the co-conspirators which transpired in Florida, nor evidence of any substantial steps taken in furtherance of the conspiracy in this state; (2) there is no allegation or evidence of injury related to the conspiracy that occurred in the State of Florida (Bluesky is a Texas corporation complaining of lost revenues from sales in the territory of India). *See also Weldon v Ramstad-Hvass*, 512 Fed Appx. 783 (10th Cir. 2013) (unpub).

Nor is the evidence sufficient to satisfy the *Calder* "effects test" for exercising personal jurisdiction over a nonresident charged with commission of a single intentional tort aimed at the forum state. While there is evidence of HBL's participation in the alleged intentional tort of tortious interference, as well as evidence that the tort was aimed at Florida (usurpation of lucrative distributorship contract issued by a Florida-based company), there is no evidence of an injury

suffered in the forum state which would make it reasonable for HBL to anticipate being haled into litigation in this state.

Because plaintiff has not established on this record that alleged tortious acts committed outside the forum state caused an effect within the forum state – i.e. it does not show any in-forum effects of HBL's actions -- it cannot demonstrate that exercise of jurisdiction over HBL is fundamentally fair pursuant to the *Calder* "effects test." *See e.g. Fielding v. Hubert Burda Media, Inc.,* 415 F.3d 419 (5th Cir. 2005) (exercise of specific personal jurisdiction under "effects test" disallowed in libel case against nonresident defendant, where plaintiffs did not show either significant circulation or certain harm in the forum state, and publishers did not meaningfully direct activities toward Texas). [1]

Because the court does not find evidence sufficient to satisfy the "purposeful availment" element of the tri-partite due process test here, the constitutional inquiry is concluded without the necessity of addressing whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

Based on the foregoing, it is **ORDERED AND ADJUDGED:**

1. The defendant HBL's motion to dismiss the plaintiff's second amended complaint for

---

[1] *Compare Viasystems, Inc. v. EBM- Papst St. Georgen GmbH & Co.,* 646 F.3d 589 (8th Cir. 2011) (effects in Missouri of German corporation's refusal to pay replacement costs for alleged defective fans sold to Missouri-based corporation's Chinese subsidiary could not support exercise of specific personal jurisdiction in a tort action filed in Missouri, where refusal to pay was not uniquely or expressly aimed at Missouri or performed for the purpose of having its consequences felt there) *with CE Distribution, LLC v. New Sensor Corp.,* 380 F.3d 1107 (9th Cir. 2004) (nonresident defendant's importation of electronic devices into U.S. to compete with foreign manufacturer's U.S. distributor satisfied effects test for purposeful availment of forum state where distributor was located in tortious interference suit; defendant's conduct was intended to injure distributor in forum state); *Forum Financial Group, Ltd. Liability Co. v. President, Fellows of Harvard College,* 173 F. Supp. 2d 72 (D. Me. 2001) (sustaining exercise of personal jurisdiction by federal court in Maine over Massachusetts and Russian residents accused of defrauding Maine company, where defendants purposefully initiated and solicited business relationship with Maine-based company (even though contract was for services to be provided in Russia) and plaintiffs suffered injury in Maine).

lack of personal jurisdiction [ECF No. 188] is **GRANTED.**

2. This action is **DISMISSED WITHOUT PREJUDICE** as against defendant HBL only.

**DONE AND ORDERED** in Chambers at West Palm beach, Florida this 4th day of April, 2014.

_____
Daniel T. K. Hurley
United States District Judge

cc.  all counsel