UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81234-CIV-HURLEY

BLUESKYGREENLAND ENVIRONMENTAL
SOLUTIONS, LLC,

    plaintiff,

vs.

21ST CENTURY PLANET FUND, LLC et al.,

    defendants.
_____/

### ORDER DENYING DEFENDANTS' RULE 50 (B) MOTIONS FOR JUDGMENT AS A MATTER OF LAW

**THIS CAUSE** is before the court following the conclusion of trial proceedings with a hung jury on May 13, 2014. After the jury announced its inability to come to a verdict on that date, the court granted a mistrial and then discharged the jury.

Prior to declaration of mistrial, at the close of evidence and prior to submission of the case to the jury for deliberations, all defendants moved for entry of judgment as a matter of law on all claims, and the court reserved ruling on that motion pending return of the jury's verdict. The defendants have since filed supplemental briefs in support of their motions [ECF Nos. 330, 331], and the plaintiff has filed its written response in opposition together with a motion to reset the case for trial [ECF No.329].

Federal Rule of Civil Procedure 50 allows a district court to grant a motion for a judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving party]" Fed. R. Civ. P. 50(a). This is the

standard whether the motion is made before or after the case is submitted to the jury. *Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012). Thus, a post-verdict motion for judgment can be granted only if the prior motion should have been granted. *Id.*

In ruling on the motion, the court "must consider all of the evidence in the light most favorable to the non-moving party, and independently determine whether the facts and inferences point so overwhelmingly in favor of the movant … that reasonable persons could not arrive at a contrary verdict," in which case the motion is properly granted. *Millette v. Tarnove*, 435 Fed. Appx. 848 (11th Cir. 2011), citing *Web-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1029 (11th Cir. 2008). Conversely, if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then the motion should be denied and the case submitted to the jury. *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989). Thus, the motion is due to be denied if the plaintiff has provided more than a mere scintilla of evidence so as to create a "substantial conflict in evidence to support a jury question" on all essential elements of its claims. *Tidwell v. Carter Products,* 135 F.3d 1422, 1425 (11th Cir. 1998).

In this case, the court finds that the defendants have properly preserved their motions for judgment as a matter of law and that the court has authority to determine the motions at this juncture. The court further finds, applying the above legal standards, that the defendants' motions are due to be denied because the evidence presented at trial, either directly or by fair inference, gave rise to a genuine issue of disputed material fact on all elements of each of plaintiff's claims.

In reaching this conclusion, the court finds one point regarding the sufficiency of evidence on the proper measure of damages worthy of brief discussion. Specifically, the court

addresses the defendants' contention that damages on plaintiff's fraud and tortious interference claims must be calculated under the "total destruction of business" rule, by measuring the difference between the value of the plaintiff's business before and after the tortious event which precipitated its destruction.

According to the defendants, application of this rule mandates judgment as a matter of law in their favor on both of these claims because there was no competent evidence introduced at trial establishing the value of the plaintiff's business as a threshold predicate for the required calculation.  On this point, the court observes, first, that the "total destruction of business" rule derives from Florida case law defining breach of contract damages, and that this case does not include any breach of contract claims.  Although this principle has been mentioned in *dicta* by the Eleventh Circuit in a tortious interference case, *KMS Restaurant Corp. v. Wendy's Intern., Inc.*, 194 Fed. Appx. 591 (11th Cir. 2006), in that case the court found that the trial court properly rejected a jury instruction on the issue, finding the rule inapplicable in a case where the "business" was not completely destroyed.  It noted that the alleged business interference did not result in a complete destruction of the 27 restaurants which were the subject of the interference claims, but rather the plaintiffs loss of the use of those restaurants as a Wendy's franchise.  Because the plaintiff's business continued to exist, sans use of the restaurants, the court found that lost profits were recoverable as a proper element of damages.

So too, in this case, even if the rule is generally assumed applicable to a tortious interference claim, the alleged tortious interference did not result in complete destruction of the Rentar Indian distributorship which is the subject of the plaintiff's interference claims here, but rather, it allegedly caused the loss of plaintiff's right to participate as a distributor in the Indian market.  In this situation, as in KMS, lost profits constitute a correct measure of damages, and

the defendants' challenge to the sufficiency of damage evidence on the tortious interference claim must be rejected because the evidence presented at trial was sufficient to support a lost profit calculation by the jury.

Additionally, the court finds that the "total destruction of business" rule, derived under Florida law as a measure of damages in breach of contract actions, has no application to fraud claims. In the tort context, the purpose of compensatory damages is to restore the injured party to the position it would have been in had the wrong not been committed. *Glades Oil Co. v. R.A.I. Management, Inc.*, 510 So.2d 1193 (Fla. 4th DCA 1987). Florida tort law allows one of two measures of damages to accomplish this purpose in a fraud case B the Aout-of-pocket@ rule and the Abenefit-of -the-bargain@ rule. The "out of pocket rule" allows for recovery of amounts that the plaintiff actually lost. The second measure of damages, or "benefit of the bargain rule," applies when the out-of-pocket rule does not fully compensate the plaintiff. Under the benefit of the bargain rule, the plaintiff may recover the loss of its bargain. *See Laney v. American Equity Investment Life Ins. Co.*, 243 F. Supp. 2d 1347, 1354 (M.D. Fla. 2003), and cases cited *infra*. These two measures of damages are known as the "flexibility theory." *Id.,* citing *DuPuis v. 79th St. Hotel, Inc.*, 231 So.2d 532, 536 (Fla. 3d DCA 1970).

Applying the flexibility theory here, plaintiff would be entitled to recovery on its fraud claims for *either* its out-of-pocket losses (measured by value of money invested into its research and development of the Rentar Indian market), *or* the loss of its bargain (measured by the amount of profits it could have earned but lost as a result of the alleged fraud). Because there was evidence presented at trial on both types of these losses which could reasonably support the jury's verdict, the defendants' challenge to the sufficiency of evidence – relying on the

"complete destruction of business" rule -- is rejected on the fraud claims.[1]

The court has also considered the additional arguments raised by the defendants in their respective motions for judgment as a matter of law, and summarily rejects these contentions on the merits.

It is accordingly **ORDERED AND ADJUDGED**:

1.  The defendants' Rule 50 motions for judgment as a matter of law and renewed motions for judgment as a matter of law are **DENIED**.

2.  This case shall be **RESET** for trial by separate order of the court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 22nd day of July, 2014.

_____
Daniel T. K. Hurley
United States District Judge

---

[1] To the extent that the court's instructions to the jury suggested otherwise regarding the applicability of the complete destruction of business rule on either the tortious interference or the fraud claims, the instructions were given in error and the court withdraws from its prior damage analysis in this limited respect.  Notably, the Florida Standard Jury Instructions for Contract and Business Cases include a pattern instruction for the total destruction of business rule under the damages section for breach of contract cases [JI 504.4], but there is no comparable instruction included in the Florida Standard Jury Instructions for Civil Cases in the instructions governing tortious interference claims [JI 408] or fraudulent misrepresentation claims [JI 4009], a categorization which further buttresses the court's conclusion that this rule is inapplicable to the plaintiff's pure tort claims in this case.